Maria De La Cruz SANCHEZ DE ARZATE, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–74832.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

Mario Acosta, Jr., Esquire, Elsa Ines Martinez, Esquire, Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul F. Stone, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Maria De La Cruz Sanchez De Arzate, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

immigration judge's decision finding her removable for participating in alien smuggling. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005). We deny the petition for review.

■ The agency properly admitted the smuggled alien's Form I–213. *See Espinoza v. INS*, 45 F.3d 308, 311 (9th Cir.1995). Arzate was able to cross-examine the author of the form, and did not seek to cross-examine the smuggled alien. *Cf. Hernandez–Guadarrama v. Ashcroft*, 394 F.3d 674, 682 (9th Cir.2005).

■ According to the Form I–213, the smuggled alien stated that she had phoned Arzate and Arzate's husband for help crossing the border, and that Arzate and Arzate's husband provided her with the document she attempted to use to enter the United States. According to her Record of Sworn Statement, Arzate admitted that she traveled to Mexico for the purpose of picking up the smuggled alien. Contrary to Arzate's contention, she therefore "provided some form of affirmative assistance to the illegally entering alien." *See Altamirano*, 427 F.3d at 592.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.